## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN FRANCISCO GALDAMEZ HERNANDEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>MADE IN SUD, LLC<br>d/b/a NAPOLI PASTA BAR<br>4200 Mozart Brigade Lane, Apt. Q2<br>Fairfax, VA 22033<br><br>ANTONIO FERRARO<br>4200 Mozart Brigade Lane, Apt. Q2<br>Fairfax, VA 22033<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

1.    While Plaintiff worked at Napoli Pasta Bar as a server and bartender, Defendants did not pay Plaintiff minimum and overtime wages. Defendants also wrongfully appropriated some of Plaintiff's tips and failed to pay Plaintiff extra when he worked a "split shift."

2.    Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.     Plaintiff Juan Francisco Galdamez Hernandez is an adult resident of the District of Columbia.

6.     Defendant Made In Sud, LLC is a District of Columbia corporate entity. It does business as Napoli Pasta Bar. Its principal place of business is registered as 4200 Mozart Brigade Lane, Apt. Q2, Fairfax, VA 22033. Its registered agent for service of process is Corporation Service Company, 1090 Vermont Avenue NW, Washington, DC 20005.

7.     Defendant Antonio Ferraro is an adult resident of Virginia. He resides at 4200 Mozart Brigade Lane, Apt. Q2, Fairfax, VA 22033. He is an owner and officer of Defendant Made In Sud, LLC. He exercises exclusive control over the operations of Made In Sud, LLC — including its pay practices.

**Factual Allegations**

8.     Defendants own and operate "Napoli Pasta Bar," located at 2737 Sherman Avenue NW, Washington, DC 20001.

9.     Plaintiff worked at Napoli Pasta Bar from approximately May 13, 2018 through approximately August 19, 2019.

10. Plaintiff worked at Napoli Pasta Bar as a server and bartender.

11. Plaintiff's job duties at Napoli Pasta Bar primarily consisted of setting up the bar, tables and workstations, serving customers, and cleaning the restaurant.

12. Plaintiff typically and customarily worked approximately 36.5–47.0 hours per week.

13. At all relevant times, Defendants paid Plaintiff $5.00 per hour.

14. In addition to his hourly wage of $5.00, Plaintiff also earned tips from customers.

15. Plaintiff often worked more than forty hours per workweek for Defendants.

16. Defendants did not pay Plaintiff the appropriate overtime wage.

17. To the extent Defendants were eligible for a tip credit, Defendants were only eligible for a tip credit of $9.17 from July 1, 2017 through June 30, 2018, $9.36 from July 1, 2018 through June 30, 2019, and $9.55 from July 1, 2019 through the present.

18. Defendants were required to pay Plaintiff at least the following overtime rates:

   i. $9.58 ($12.50 minimum wage × 1.5 − $9.17 tip credit) from July 1, 2017 through June 30, 2018;

   ii. $10.52 ($13.25 minimum wage × 1.5 − $9.36 tip credit) from July 1, 2018 through June 30, 2019; and

   iii. $11.45 ($14.00 minimum wage × 1.5 − $9.55 tip credit) from July 1, 2019 through the present.

19. However, Defendants only paid Plaintiff $7.50 in wages for each overtime hour.

20. For example, during the pay period of March 25, 2019 through April 7, 2019, Defendants paid Plaintiff $7.50 per hour, as shown on the following paystub:

```
Made in Sud
2737 Sherman Ave NW                                          Earnings Statement
Washington, DC 20001
                                                 Check Date:       April 12, 2019
                                                 Period Beginning: March 25, 2019
                                                 Period Ending:    April 07, 2019
Juan Francisco Galdamez Hernandez  Number  10   Department  FOH  Check Number  10202
                                                                 Net Pay        2,118.17
                                                                 Check Amount   2,118.17

Earnings  Rate  Hours  Amount  YTD Hrs  YTD Amt   Taxes           Status  Taxable Amount  YTD Amt
Regular   5.00  80.00  400.00  509.52   2547.60   Medicare                2719.95  39.44   222.39
OT        7.50  13.46  100.95  17.27    129.53    OASDI                   2719.95  168.63  950.90
Tips      0.00         2219.00          12660.00  Federal Income Tax  M/1 2719.95  237.62  1130.29
Total Gross Pay  93.46  2719.95  526.79  15337.13 DC SITW             H/1 2719.95  156.09  799.66
                                                  Total Tax Withholding          601.78    3103.24
```

21. In addition to not paying overtime wages, Defendants did not always allow Plaintiff to keep all the tips that he had earned.

22. After processing a customer's payment, Plaintiff entered the tip that was left for him into Defendants' point of sale system. After Plaintiff had entered his tip into the point of sale system, Defendants would sometimes go into the point of sale system and edit the entry by moving the decimal point over two spaces — thereby reducing Plaintiff's tip earnings by 99%.

23. For example, on the following receipts from June 29, 2019, Defendants changed the amount of Plaintiff's tip from $32.00 to $0.32. On information and belief, Defendants diverted the difference ($32.00 – $0.32 = $31.68) to themselves.

```
       Napoli Pasta Bar                              Napoli Pasta Bar

Check #: 1669                   6/29/19       Check #: 1669                   6/29/19
Server: Francisco H             6:27 PM       Server: Francisco H             6:27 PM
Table: 15/1                    Guests: 5      Table: 15/1                    Guests: 5
--------------------------------------        --------------------------------------
1 Caponata                       15.00        1 Caponata                       15.00
1 Caprese salad                  16.00        1 Caprese salad                  16.00
1 Gnocchi cacio e pepe           18.00        1 Gnocchi cacio e pepe           18.00
1 Spaghetti Nerano               16.00        1 Spaghetti Nerano               16.00
2 Fish of the day (@29.00/ea)    58.00        2 Fish of the day (@29.00/ea)    58.00
1 Cannoli                        10.00        1 Cannoli                        10.00
1 Tiramisu                       10.00        1 Tiramisu                       10.00
1 Rose                            8.00        1 Rose                            8.00
1 Pinot Grigio                    9.00        1 Pinot Grigio                    9.00

Sub-total                       160.00        Sub-total                       160.00
Sales Tax                        16.00        Sales Tax                        16.00
TOTAL                           176.00        TOTAL                           176.00

PAYMENTS                                      PAYMENTS

CC Payment                      176.00        CC Payment                      176.00
VISA XXXXXXXXXXXX1868                         VISA XXXXXXXXXXXX1868
AUTH: 09653B                                  AUTH: 09653B
                       TIPS:     32.00                               TIPS:      0.32

TOTAL PAYMENTS                  176.00        TOTAL PAYMENTS                  176.00
TOTAL TIPS                       32.00        TOTAL TIPS                        0.32

Balance Due                       0.00        Balance Due                       0.00

            Suggested Tips:                               Suggested Tips:
              18% = 28.80                                   18% = 28.80
              20% = 32.00                                   20% = 32.00
              22% = 35.20                                   22% = 35.20

            Grazie Mille!                                 Grazie Mille!
```

24.     On average, this practice caused Plaintiff to lose approximately $300.00 in tips per week.

25.     On information and belief, Defendants owe Plaintiff approximately $19,80.00 in misappropriated tips.

26.     Moreover, because they took some of Plaintiff's tips, Defendants are ineligible to claim a tip credit. As a result, Defendants owe Plaintiff unpaid minimum wages equivalent to the difference between $5.00 an hour (the rate they paid him) and the applicable D.C. minimum wage.

27. Finally, the District of Columbia required Defendants to pay Plaintiff for one additional hour at the applicable minimum wage rate for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2.

28. Plaintiff typically and customarily worked on Sundays from 10:00 a.m. to 10:00 p.m., with a two-hour lunch break.

29. Defendants owe Plaintiff one hour of the applicable D.C. minimum wage for each day he worked such a "split shift."

30. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $50,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

31. Defendant Antonio Ferraro personally hired Plaintiff.

32. Defendant Antonio Ferraro personally fired Plaintiff.

33. Defendant Antonio Ferraro set Plaintiff's work schedule.

34. Defendant Antonio Ferraro set Plaintiff's pay rate.

35. Defendant Antonio Ferraro supervised Plaintiff.

36. Defendant Antonio Ferraro signed Plaintiff's paychecks.

37. At all relevant times, Defendants had the power to hire and fire Plaintiff.

38. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

39. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

40. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

42. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

43. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

44. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

45. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

46. At all relevant times, Defendants had employees who handled food products, such as chicken, pork, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

47. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

49. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

50. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

51. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

52. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

53. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

54. Defendants' violations of the FLSA were willful.

55. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY REGULAR, MINIMUM, AND OVERTIME WAGES UNDER THE DCMWA

56. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

57. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

58. The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

59. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

60. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

61. Defendants violated the DCMWA by knowingly failing to pay Plaintiff the appropriate overtime wage for hours worked in excess of forty hours in any one workweek.

62. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one additional hour at the applicable minimum wage for days when Plaintiffs worked a "split shift."

63. Defendants' violations of the DCMWA were willful.

64. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid regular, minimum, and overtime wages, an amount equal to three times the unpaid regular, minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

65. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

66. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

67. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

68. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

69. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

70. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

71. Defendants' violations of the DCWPCL were willful.

72. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$203,839.50**, and grant the following relief:

    a. Award Plaintiff $200,000.00, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid regular, D.C. minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii.  unpaid regular, D.C. minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

 b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

 c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,439.50);

 d. Award Plaintiff court costs (currently, $400.00); and

 e. Award any additional relief the Court deems just.

Date: November 11, 2019       Respectfully submitted,

                /s/ Justin Zelikovitz
                JUSTIN ZELIKOVITZ, #986001
                DCWAGELAW
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*